UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CRAIG BLACK,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY G. VITALE, POLICE OFFICERS JOHN
DOES 1-20,

                                        Defendants.

**ECF CASE**

**COMPLAINT**

07 CV 3031 (DLC)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  This case arises from a December 8, 2005 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, and fabricated evidence.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiff's rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Anthony G. Vitale is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on December 8, 2005. Vitale is sued in his individual capacity.

7. Police Officers John Does 1-20 are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on December 8, 2005. John Does 1-20 are sued in their individual capacities.

## STATEMENT OF FACTS

8. On December 8, 2005, plaintiff was in the vicinity of Franklin Avenue at St. Johns's Place, Brooklyn, New York, and learned that his brother had been shot and was lying in the street.

9. Plaintiff called the police and asked them to report to the location.

10. When several police officers arrived, plaintiff asked the officers to call an ambulance.

11. One or more of the officers told plaintiff that this was not necessary because plaintiff's brother was dead.

12. The aforesaid statement was false; plaintiff's brother was alive.

13. When plaintiff insisted that his brother receive care, several of the officers, including, upon information and belief, Officer Anthony G. Vitale, threw plaintiff against a wall.

14. The officers then handcuffed plaintiff excessively tight, struck plaintiff in the face and head with their fists and a flashlight, kicked plaintiff on his body, and threw plaintiff to the ground.

15. Those officers who did not make physical contact with plaintiff during the aforesaid assault watched the assault take place but failed to intervene or take remedial action.

16. After plaintiff was placed under arrest, the police took plaintiff to Brookdale Hospital for medical treatment.

17. At the hospital, plaintiff received five stitches to his head.

18. After being treated at the hospital, plaintiff was taken to the 77th Precinct for arrest processing.

19. After the arrest paperwork was completed, plaintiff was taken to Central Booking to await arraignment.

20. While plaintiff was incarcerated in Central Booking, Officer Vitale maliciously conveyed false information to prosecutors in an effort to have plaintiff prosecuted.

21. Approximately 24 hours later, plaintiff was arraigned in Criminal Court.

22. At plaintiff's arraignment, the false charges filed against plaintiff were adjourned in contemplation of dismissal.

23. As a result of defendants' actions, plaintiff suffered pain and physical injuries to his face, head, body, and wrists, emotional distress, fear, embarrassment, humiliation, discomfort, and loss of liberty. Plaintiff also incurred medical expenses.

### FEDERAL CLAIMS AGAINST POLICE OFFICERS ANTHONY G. VITALE AND JOHN DOES 1-20

24. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25. The conduct of Police Officers Anthony G. Vitale and John Does 1-20, as described herein, amounted to false arrest, excessive force, and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

26. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27. The City of New York directly caused the constitutional violations suffered by plaintiff.

28. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

29. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: April 16, 2007
Brooklyn, New York

CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

By:

*RICHARD J. CARDINALE*
_____
RICHARD J. CARDINALE (RC-8507)

5