



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/07

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**SHAWN D. FABIAN**
Assistant Corporation Counsel
E-mail: shfabian@law.nyc.gov
Phone: (212) 788-0906
Fax: (212) 788-9776

# MEMO ENDORSED

April 24, 2007

**BY FIRST CLASS MAIL**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

# MEMO ENDORSED



APR 25 2007

CHAMBERS OF
DENISE COTE

Re:  <u>Craig Black v. City of New York, et al.</u> 07 Civ. 3031 (DLC)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York.[1]  I am writing with respect to the above-referenced matter in which plaintiff alleges that excessive force was used against him and that he was falsely arrested.  Defendant City respectfully requests an extension of time to answer or otherwise respond to this complaint from May 7, 2007 until July 6, 2007.  Plaintiff consents to this request.

There are several reasons for seeking an enlargement of time in this matter.  In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint.  Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may

---

[1] Upon information and belief, individually named defendant Vitale has not yet been served in this matter. Therefore, should the Court grant this enlargement, it should allow plaintiff time to serve the individual defendant. If timely served, it may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent him. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.,* 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, our office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

Furthermore, as plaintiff alleges injury, our office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident so that defendant City can access the information, properly assess the case, and respond to this complaint.

No previous request for an extension has been made by defendant City. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to July 6, 2007.

Thank you for your consideration herein.

Granted.

[signature]

May 2,
2007

Respectfully submitted,

[signature]

Shawn D. Fabian (SF4606)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:     Richard Cardinale, Esq. (By First Class Mail)
        Cardinale & Marinelli
        26 Court Street, Suite 1815
        Brooklyn, New York 11242

2