UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CRAIG BLACK,

                                       **Plaintiff,**

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY G. VITALE, POLICE OFFICERS JOHN
DOES 1-20,

                                       **Defendants.**

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS
CITY OF NEW YORK AND
ANTHONY VITALE**

07 Civ. 3031 (DLC)

JURY TRIAL DEMANDED

        Defendants City of New York ("City") and Police Officer Anthony Vitale ("Vitale"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

        5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Anthony Vitale is a Police Officer with the New York City Police Department, and further admit that plaintiff was arrested on December 8, 2005.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants City and Vitale repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants City and Vitale repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

30. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

31. Defendants City and Vitale have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

32. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

33. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City or Vitale.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

34. Defendant Vitale has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

35. At all times relevant to the acts alleged in the complaint, defendant Vitale acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

36. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

37. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

38. Plaintiff has failed to comply with New York General Municipal Law § 50-e.

- 5 -

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

39. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City and Vitale request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
        June 29, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants City and Vitale
                100 Church Street
                New York, New York 10007
                (212) 788-0906

                By:      /s/
                      Shawn D. Fabian (SF4606)
                      Assistant Corporation Counsel
                      Special Federal Litigation Division

To:   Richard J. Cardinale, Esq. (By ECF and First Class Mail)
       Cardinale & Marinelli
       Attorneys for Plaintiff
       26 Court Street, Suite 1815
       Brooklyn, New York 11242

- 6 -

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On June 29, 2007, I served the annexed "**ANSWER OF DEFENDANTS CITY OF NEW YORK AND ANTHONY VITALE**," upon Richard J. Cardinale, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

> Richard J. Cardinale, Esq.
> Cardinale & Marinelli
> 26 Court Street, Suite 1815
> Brooklyn, New York 11242

being the address designated by plaintiff for that purpose.

Dated: New York, New York
       June 29, 2007

/s/
SHAWN D. FABIAN
ASSISTANT CORPORATION COUNSEL